Sxeed, J.,
delivered the opinion of the court:
The complainant files this bill to enjoin the collection of a judgment for about $80, recovered against her by the defendant for rent of a portion of a tract of land, the title to which was in litigation between her mother and the defendant at the time of the renting, and which litigation was ultimately determined in her mother’s favor. The complainant now claims the land as heir at law of her mother, and the theory of the bill is that she has a large demand in litigation against the defendant for rents and profits, and that her recovery must be largely more than the amount of the defendant’s judgment, and that therefore the judgment ought to be perpetually enjoined. The *379 Lili does not attack the judgment for fraud, or otherwise for invalidity; nor does it allege the insolvency of the defendant, or his inability to discharge any recovery that may be had against him for rents and profits of the land. The bill is also filed to stay waste by the defendant upon the land. dSTo account of rents and profits has yet been taken, and no indebtedness established against the defendant on that account. It appears that the question is still unsettled whether the land alleged to have been rented by the complainant from the defendant was within or without the boundaries recovered by the complainant’s ancestor, and it appears that this question of boundary is involved in other controversies now pending in the courts and undetermined. In the view this court takes of the case, the question of boundary is not properly before us, but the equities of the parties must be adjusted upon other principles. It does not appear in proof, nor is it averred in the bill, that the defendant is insolvent or unable to pay what ever recovery the complainant may have against him in the action for rents and profits, and the bill is therefore a proceeding to set off a mere prospective recovery against a judgment which is not attacked.
We must hold the proceeding premature. The complainant has nothing now to set off against the defendant’s judgment. In the case of Smith v. Ross, 3 Hum., 220, it was held that a court of equity will not take jurisdiction for the purpose of restraining the enforcement of a judgment at law and setting off against said judgment the damages complainant may have sustained by defendant’s breach of covenants made to complainant, there being no allegation of insolvency in the bill, and no impediment in the way of complainant’s pi’osecution of his rights at law. “There is,” said Green, J., in that case, “no> equity against the judgment sought to be enjoined; and the only ground the complainant states for coming into this court is, that the defendants owe him an amount equal to their judg *380 ment, and he wishes to restrain the execution until the amount of damages he has sustained on the covenant can bo settled and set off against their judgment. There is no allegation that there is any embarrassment in the way of his recovery at law, or that the defendants are insolvent, and that he would be unable to- obtain execution of any judgment he may recover.” 3 Hum., 221. The doctrine of this case must be decisive of the case now in judgment. We think as the court did in the- case cited, that “the complainant has no right to ask such delay. She may still prosecute her action, and have execution of any judgment she may obtain.” Id., 220. The question of boundary is the mere incident of the main issue submitted by the bill, and as it is not necessary 10 decide it we deem it unnecessary to discuss it.
The decree must be reversed, and the bill dismissed, bin witlio-ut prejudice to complainant’s rights in any present; or future litigation to have the true boundaries of her land defined, or to invoke the injunctive power of the court of chancery in any proper case to restrain the defendant from trespassing on the land.
Let the decree be reversed, and the bill dismissed.